UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF | NUMBER |
| **DANIEL ANDREWS** | 05-10560 |
| | **SECTION A** |
| DEBTOR | |
| | CHAPTER 13 |

## MEMORANDUM OPINION

The Motion for Declaratory Relief[1] filed by the Debtor came before the Court on April 25, 2006. No objections to the Motion were filed, but at the hearing on the Motion oral objection was made by WMC Mortgage Corp., through its service provider Select Portfolio Servicing, Inc. (collectively "WMC/SPS"). Upon consideration of the Motion, the oral objection by WMC/SPS, the arguments of counsel, and the record in the case, a ruling was made in open court granting in part and denying in part the relief requested. In accordance with that ruling, this Court makes the following findings of facts and conclusions of law.

  **I. Facts**

The debtor, Daniel Andrews, ("Debtor") filed the above captioned bankruptcy on January 26, 2005.

On March 6, 2006, the Court posted on its website under "Section A Procedures," a procedure to be followed prior to the application of insurance proceeds. The procedure includes both a form of motion and a form of proposed order.

---

[1] Pleading no. 49

Select Portfolio Servicing, Inc. ("SPS")[2] filed a Proof of Claim[3] on behalf of WMC Mortgage Corp. ("WMC") on March 25, 2005 in the amount of $59,852.01, consisting of $38,652.30 in principal and $21,895.98 in pre-petition arrears.

WMC's loan to the Debtor is secured by the Debtor's residence at 2221 Montegut Street, New Orleans, Louisiana, 70110.[4]

SPS filed an amended claim on July 7, 2005 for the sum of $60,562.01 ("Claim no. 4"). The amended claim included arrearages of $24,246.86 comprised of installment payments accruing from May 1, 2002 through June 1, 2005, attorney's fees and costs, costs associated with broker's price opinions, escrow shortages, property inspection fees, accrued late charges and a payment shortage.

Debtor filed an Objection to Claim no. 4 on August 8, 2005 and scheduled a hearing for September 13, 2005. The Objection questioned the arrearage amount and lack of documentation supporting the fees and costs listed in the claim. Additionally, the Objection alleged that Debtor's counsel requested from SPS, on two separate occasions, an accounting and explanation of the charges claimed, to no avail. Finally, the Objection alleged that the claim did not credit $11,022.90 in payments made by the Chapter 13 Trustee during Debtor's prior bankruptcy, 02-12957.

Hearing on the Objection to Claim was cancelled due to Hurricane Katrina, and on September 22, 2005, the Court entered an Order[5] rescheduling the hearing for November 8, 2005.[6]

---

[2] SPS filed its proof of claim "as attorney in fact for JPMorgan Chase Bank, as trustee, in trust for the Holders of Truman Mortgage Loan Trust 2002-2. Asset-Backed Certificates, Series 2002-2.

[3] Claim no. 1

[4] The copy of the mortgage attached to the proof of claim shows the original lender as WMC Mortgage Corp. A later motion, pleading no. 25, represents that WMC Mortgage is serviced by SPS.

WMC/SPS, filed a Response[7] to the Objection, without supporting documents, on November 1, 2005 asserting that SPS, on behalf of WMC Mortgage, was auditing the entire accounting of the claim and reviewing the fees and costs to verify that the figures included in the claim were valid. Additionally, the Response stated, "If there are no changes needed to the Proof of Claim evidence will be submitted to the DEBTOR attorney and presented to the court at the scheduled hearing."

Kirk Myers, counsel for the Debtor, and Michael Adoue, counsel for S. J. Beaulieu, Chapter 13 Trustee, entered appearances at the November 8, 2005 hearing. No one appeared on behalf of WMC/SPS. After taking evidence from the Chapter 13 Trustee regarding the extent of payments made on the loan pre-petition and during the previous 2002 Chapter 13 case, as well as the arguments of counsel, this Court granted the Objection. On November 21, 2005, this Court signed the relevant Order[8] striking the $24,246.86 arrearage from the claim.

On December 12, 2005, WMC/SPS filed a Motion to Reconsider[9] the Order granting the Objection to Claim and attached a payment history.

The Motion to Reconsider stated:

At the time the Objection to Proof of Claim was filed [SPS] began reviewing the matter to verify the amount of arrearages claimed in the

---

[5] Pleading no. 23

[6] The Order rescheduling the hearing on the Objection to Claim was noticed by the Bankruptcy Noticing Center ("BNC") on SPS at its address as stated on its proofs of claim: P.O. Box 65450, Salt Lake City, UT 84165. It was also noticed on the Debtor, Debtor's counsel, the Chapter 13 Trustee.

[7] Pleading no. 25

[8] The Order, which was submitted by Debtor's counsel, states, "IT IS ORDERED That [sic] Claim No. 4 of Select Portfolio Servicing in the amount of $24,246.86. [sic] be stuck [sic] in whole." Pleading no. 30. Despite several typographical errors, the Order struck the $24,246.86 arrearage.

[9] Pleading no. 35.

3

proof of claim dated March 25, 2005. The hearing on the Objection to Proof of Claim was scheduled on September 13, 2005. Due to Hurricane Katrina that hearing was continued to November 8, 2005.

[SPS] has completed the accounting of the loan from July, 2002 to present, attached hereto for review by the court, trustee and debtor attorney.[10]

The Motion requested reconsideration of the previous Order "due to the discovery of new evidence."[11]

The Debtor filed a Response to the Motion to Reconsider.[12] The response alleged that despite over ninety days to prepare, SPS had not produced the documentation promised in its original Response to the Objection. Further, Since neither WMC/SPS nor its counsel were located in areas affected by Hurricanes Katrina or Rita,[13] access to business records could not be blamed on the storms. Debtor also challenged the payment history attached to the Motion to Reconsider as incorrect on its face.

On January 10, 2006, this Court heard the Motion to Reconsider. Counsel for WCM/SPS offered no explanation as to why the payment history attached to the Motion to Reconsider had not been produced timely or why it was otherwise not discoverable through due diligence. WCM/SPS did not refute Debtor's allegations regarding proper notice of the continued hearing on the Objection to Claim. WCM/SPS also did not refute the assertion that neither WCM/SPS nor its counsel were affected by Hurricanes Katrina or Rita.

---

[10] Id. at p. 1 and 2.

[11] Id. at p. 2.

[12] Pleading no. 39.

[13] Counsel for WMC, the Boles Law Firm is located in Monroe, Louisiana. The address listed for SPS on the proof of claim is Salt Lake City, Utah.

4

Federal Rule of Bankruptcy Procedure ("FRBP") 9024 controls Motions for Reconsideration filed more than ten days after entry of an Order. Pursuant to Federal Rule of Civil Procedure 60, made applicable by FRBP 9024, such motions are treated as motions for relief from judgment. *Abraham v. Aguilar (In re Aguilar)*, 861 F.2d 873 (5th Cir. 1989); *Colley v. West Texas Wholesale Supply (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir. 1987), *rehearing denied*, 818 F.2d 443 (5th Cir. 1987), *cert. denied*, 484 U.S. 898, 108 S.Ct. 234, 98 L.ED.2d 193 (1987). "To succeed on a motion brought under 60(b)(2) based on newly discovered evidence, the movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." (citations omitted) *Provident Life and Accident Insurance Co. v. Goel*, 274 F.3d 984, 999 (5th Cir. 2001).

It is the opinion of the Court that WCM/SPS did not prove that the payment history attached to its Motion for Reconsideration was newly discovered evidence that could not have been obtained prior to the hearing on November 8, 2005 through the exercise of due diligence.

The Objection to Claim was originally filed on August 8, 2005, some three months prior to the hearing. Due to Hurricane Katrina, the original hearing date of September 8, 2005 was continued by the Court to November 8, 2005. Counsel for WCM/SPS admitted that neither he, his co-counsel, nor WCM/SPS were affected by Hurricanes Katrina or Rita. No explanation was offered as to why the information presented with the Motion to Reconsider could not have been timely provided. Debtor

5

also raised serious questions as to the correctness of this information based on a facial review.[14]

By Order dated January 13, 2006, this Court denied the Motion to Reconsider.[15] No appeal was filed.

Debtor filed the instant Motion for Declaratory Relief, Request for Sanctions, Fees and Costs[16] on March 23, 2006. Hearing was held on April 25, 2006. No response was filed to the Motion, but at the hearing, the Court allowed WMC/SPS to enter an oral objection on the matter.[17]

At the hearing, WMC/SPS admitted to holding $47,000.00 in insurance proceeds paid as a result of damages sustained to Debtor's residence. Debtor alleges that the proceeds exceed the balance due on the WMC/SPS obligation.

Counsel for WMC/SPS argues that it is owed in excess of the amount held but proposes to apply the $47,000.00 in full satisfaction of the amounts owed.

## II. Law and Analysis

WCM/SPS' position is unfounded based on the previous ruling of this Court and the information supplied. WCM/SPS asserts that it is still owed the total amount reflected on its amended proof of claim, $60,562.01, as if none of the Court's intervening Orders reducing that sum exist.

---

[14] At the hearing counsel for Debtor noted that at least two payments on the debt were missing and WMC/SPS had faired to account for its receipt of insurance proceeds. WMC/SPS offered no explanation or response

[15] Pleading no. 43.

[16] Pleading no. 49

[17] Local Rule 9013-2(B) provides, "Each party opposing a motion must file its reasons for opposing the motion no later than eight calendar days prior to the noticed hearing date and must at the same time serve a copy on the opposing parties. …"

The Order dated November 21, 2005 struck the arrearages of $24,246.86 claimed by WCM/SPS in its proof of claim.[18]  WCM/SPS did not appeal that ruling, and its Motion to Reconsider was denied. No appeal was taken of the denial of its Motion to Reconsider.  Therefore, the Order is final.

Collateral estoppel precludes a party from litigating an issue already raised in an earlier action between the same parties if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action.[19]

The elements of collateral estoppel exist in this case.   The issue presented to the Court is identical to that addressed by the Objection to Claim, Response, and Motion to Reconsider:  does the Debtor owe arrearages to WCM/SPS?  The issue was litigated, and the denial of the claim was necessary to the Order as it was the principal relief sought. Therefore, WMC/SPS is precluded from re-litigating its entitlement to pre-petition arrearages.

As to the amounts due post-petition, WCM/SPS offered no evidence of the amounts due. Therefore, based on the record of this case, including the proof of claim and amended proof of claim filed by WCM/SPS, this Court finds that the principal balance due by Debtor was $38,652.30 as of the petition date.  The proof of claim fails to attach the underlying note which supports the debt and fails to provide the applicable interest

---

[18] Pleading no. 30.

[19] *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 572(5th Cir. 2005).

rate charged. Despite at least three opportunities to place this evidence into the record, WCM/SPS has failed to do so.

However, given that Debtor admittedly paid monthly installments outside the Plan to WCM/SPS post-confirmation, this Court will allow the accrual of post-petition interest, at the contract rate reflected on the note, on the principal balance of $38,652.30 from January 25, 2005 forward, subject to credits for all payments received post-petition. No other fees or charges having been proven as due by WCM/SPS, none will be allowed. WCM/SPS is also authorized to apply the insurance proceeds in the approximate amount of $47,000.00 against the amounts due, as calculated under the terms of this Order. The application of insurance funds is to be effective April 2, 2006, ten days following the filing of the Motion for Declaratory Relief as no opposition to the application of funds requested by the Motion was filed.

Finally, because WCM/SPS has been less than candid or co-operative with counsel for Debtor and has failed to honor the previous final Orders of this Court, Debtor was required to file the instant Motion for Declaratory Relief. At the hearing on this matter, counsel for WCM/SPS and Debtor agreed to a sanction of $750.00 as reimbursement to Debtor's counsel for time expended requesting an accounting of the arrearages due, supporting documentation of same, the Objection to Claim, Motion for Reconsideration, and Motion for Declaratory Relief. The Court finds that WCM/SPS's refusal to honor a final Court Order caused Debtor's counsel to expend significant and unwarranted time. Therefore, WCM/SPS is ordered to pay sanctions in the amount of

$750.00 to counsel for Debtor as reimbursement for legal fees expended in connection with this matter.

      New Orleans, Louisiana, June 5, 2006.

                              Hon. Elizabeth W. Magner
                              United States Bankruptcy Judge